**RAMZY P. LADAH, ESQ.**
Nevada Bar No. 11405
**BRANDON P. SMITH, ESQ.**
Nevada Bar No. 10443
**LADAH LAW FIRM**
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
T: 702.252.0055
*Attorneys for Plaintiff*
*ELVIRA ANN GUTIERREZ*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ELVIRA ANN GUTIERREZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SMITHS FOOD & DRUG CENTERS INC., SUNRISE I LLC; SUNRISE II LLC; DOES I through X, inclusive and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | CASE NO.  2:25-cv-00133-JAD-MDC<br><br>**STIPULATION AND ORDER TO REOPEN AND EXTEND DISCOVERY DEADLINES (THIRD REQUEST)** |

Plaintiff ELVIRA ANN GUTIERREZ, by and through her counsel, Ramzy P. Ladah, Esq. and Brandon P. Smith, Esq. of LADAH LAW FIRM, and Defendant SMITH'S FOOD & DRUG CENTERS INC., by and through its counsel, Jerry S. Busby, Esq. and Scott L. Stonehocker, Esq. of COOPER LEVENSON, P.A., hereby request, pursuant to LR 26-4, a 60 day continuance of discovery deadlines, for the reasons set forth below, in which to complete discovery in this matter.  There is good cause for such extension as the parties continue to conduct discovery diligently and in good faith.

. . .

. . .

. . .

1

## I.

## PROCEDURAL HISTORY

Plaintiff filed her Complaint on October 28, 2024. Defendant SMITH'S FOOD & DRUG CENTERS INC. ("SMITH'S") filed their Answer on November 27, 2024. SMITH'S filed a Notice of Removal pursuant to 28 U.S.C. §§1441(a) and 1146 on January 22, 2025. Counsel for the parties participated in a Rule 26 Discovery Conference on February 20, 2025.

On February 21, 2025, the parties filed their Joint Status Report, and on February 27, 2025, a Stipulated Discovery Plan and Scheduling Order was filed. On August 12, 2025, the Court granted the parties' Stipulation and Order to Extend Discovery Deadlines (First Request). On October 10, 2025, the Court granted the parties' Stipulation and Order to Extend Discovery Deadlines (Second Request).

## II.

## DISCOVERY COMPLETED TO DATE

1.      Defendant SMITH'S served its Initial Disclosure Statement on March 5, 2025;

2.      Plaintiff served her FRCP 26(f) Initial Disclosure Statement on April 10, 2025;

3.      SMITH'S propounded a set of written discovery requests to Plaintiff on May 7, 2025 and Plaintiff responded on June 6, 2025 to the Requests for Admissions, and on June 9, 2026 to the Interrogatories and Requests for Production of Documents;

4.      Plaintiff propounded a set of written discovery requests to SMITH'S on July 17, 2025, and SMITH'S discovery responses were served on August 29, 2025, pursuant to an extension;

5.      The parties disclosed initial expert witnesses on September 25, 2025;

6.      The deposition of Defendant's FRCP 30(b)(6) witness was taken on October 13, 2025;

7.      Plaintiff's deposition was taken on October 17, 2025;

2

8. The parties disclosed rebuttal expert witnesses on December 22, 2025.

**III.**

**DISCOVERY REMAINING TO BE COMPLETED**

The discovery that remains to be completed includes:

1. Depositions of experts;

2. Deposition of SMITH'S witnesses as identified in discovery, including but not limited to Assistant Store Manager Adolfo Rivera and Kourtney Springer;

3. Deposition of Plaintiff's medical providers;

4. Subpoenas issued to Plaintiff's medical practitioners; and

5. Any other discovery that becomes necessary.

The parties have stipulated to reopen the discovery period and to a brief extension of the discovery deadlines to complete the remaining discovery as described above. It is anticipated that this extension of time will be sufficient for the parties to resolve these issues, conduct the remaining discovery, and have their respective experts supplement their reports.

**IV.**

**PROPOSED DISCOVERY SCHEDULE AND TRIAL DATE**

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Amend Pleadings/Add Parties: | Closed | Closed |
| Initial Expert Disclosures: | Closed | Closed |
| Rebuttal Expert Disclosures: | Closed | Closed |
| Discovery Cut-Off | 01/23/26 | 03/23/26 |
| Dispositive Motions: | 02/23/26 | 04/23/26 |
| Joint Pretrial Order: | 03/24/26 | 05/25/26 |

There is currently no trial date scheduled in this matter.

**V.**

**REASONS THE PARTIES REQUEST TO EXTEND THE DISCOVERY DEADLINES**

The parties respectfully submit, pursuant to Local Rule 26-4, that good cause exists for the extension requested herein and excusable neglect exists for failure to submit the instant stipulation within the time permitted under Rule 26-4.

3

Good cause exists for the requested extension due to difficulties in scheduling discovery, particularly with a retail defendant over the holiday season and due to Plaintiff's counsel's trial that had been set to proceed January 5, 2026, trial[1] (although ultimately continued). To wit, the parties had difficulty scheduling a site inspection at Defendant's property until December 16, 2025, which delayed the taking of further depositions. Once said site inspection had been completed, Defendant attempted to schedule the requested depositions, but it became apparent that insufficient time remained to schedule the remaining depositions.

Excusable neglect exists for failure to submit the instant request 21 days prior to expiration of the deadline for similar reasons. As noted supra, the parties could not schedule a site inspection of Defendant's property until December 16, 2025, directly prior to the holidays. Defendant further attempted to schedule depositions requested by Plaintiff, but it became apparent these depositions could not be accomplished in the remaining discovery period. While Defendant did its best to schedule said depositions, it only became apparent that this could not be accomplished after expiration of the 21-day deadline to submit stipulation to continue. From there, it took several days before the parties could confer regarding the instant stipulation and to prepare and submit the same.

The Ninth Circuit has held in other contexts that "the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."[2] Here, prejudice is not at issue as both parties are in agreement. Further, although the parties submitted the instant stipulation after expiration of the 21-day deadline and after the close of discovery, such stipulation was prepared and

---

[1] Eighth Judicial District Court Case No. A-21-845516-C.

[2] *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (*citing Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)).

submitted at the earliest opportunity in light of counsel's schedules. Such stipulation will have a minimal – if not unnoticed – impact on the proceedings as this matter does not yet have a trial date. Further, this is the parties' third request for an extension where none of the prior requests have been substantial.

This Request is not sought for any improper purpose or other purpose of delay. Thus, it is believed that the Court's granting of this motion would further the interests of justice and advance the merits of the case.

**STIPULATED AND AGREED TO:**

DATED this 2nd day of February 2026.          DATED this 2nd day of February 2026.

**LADAH LAW FIRM**                                        **COOPER LEVENSON, P.A.**

*/s/ Brandon P. Smith, Esq.*                             */s/ Scott L. Stonehocker, Esq.*
**RAMZY P. LADAH, ESQ.**                          **JERRY S. BUSBY, ESQ.**
Nevada Bar No. 11405                                     Nevada Bar No. 1107
**BRANDON P. SMITH, ESQ.**                       **SCOTT L. STONEHOCKER, ESQ.**
Nevada Bar No. 10443                                     Nevada Bar No. 5512
517 S. Third Street                                          3016 W. Charleston Boulevard, Suite 195
Las Vegas, NV 89101                                      Las Vegas, Nevada 89102
*Attorney for Plaintiff*                                     *Attorneys for Defendant*
*ELVIRA GUTIERREZ*                               *SMITH'S FOOD & DRUG CENTERS, INC.*

LADAH LAW FIRM

***Gutierrez v. Smith's Food & Drug Centers, Inc.,***
Case No.:  2:25-cv-00133-JAD-MDC
**STIPULATION AND ORDER TO
EXTEND DISCOVERY DEADLINES
(THIRD REQUEST)**

### ORDER

The United States Magistrate Court Judge, having reviewed the status of this case and all relevant materials, and finding good cause therefore,

Upon stipulation by counsel for the parties and for good cause appearing therefore, **IT IS HEREBY ORDERED** that the discovery deadline schedule shall be amended as follows:

| Deadline | Date |
|---|---|
| Amend Pleadings/Add Parties: | **Closed** |
| Initial Expert Disclosures: | **Closed** |
| Rebuttal Expert Disclosures: | **Closed** |
| Discovery Cut-Off | **03/23/26** |
| Dispositive Motions: | **04/23/26** |
| Joint PreTrial Order: | **05/25/26** |

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: 2-4-26 _____

*Respectfully Submitted by:*
**LADAH LAW FIRM**

*/s/ Brandon P. Smith, Esq.*
**BRANDON P. SMITH, ESQ.**
Nevada Bar No. 10443
517 S. Third Street
Las Vegas, NV 89101
*Attorney for Plaintiff*
ELVIRA GUTIERREZ

6